UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GAYMON | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:11-cv-805 (JCH) |
| | : | |
| CHRISTINE WHIDDEN | : | MAY 24, 2011 |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 1]
AND PETITIONER'S MOTION FOR RELEASE ON BAIL [Doc. No. 3]

Petitioner, Joseph Gaymon, currently confined at the Carl Robinson Correctional Institution in Enfield, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. Gaymon previously filed two habeas corpus actions challenging this same conviction. Both were dismissed because Gaymon failed to exhaust his state remedies before commencing a federal habeas corpus action. See Gaymon v. Strange, 3:09-cv-982 (JCH) (dismissed Aug. 21, 2009); Gaymon v. Tarascio, 3:10-cv-653 (JCH) (dismissed Oct. 26, 2010). In this third federal petition, Gaymon concedes that he has not yet exhausted his state remedies and seeks, in the Petition and Motion for Release on Bail, release on bond or his own recognizance while he continues the exhaustion process. For the reasons that follow, the request for release is denied.

It is settled law in the Second Circuit that the federal courts have inherent authority to admit to bail individuals properly within their jurisdiction. Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978) ("district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting

the legality of his custody"); see also Boyer v. City of Orlando, 402 F.2d 966, 968 (5th Cir. 1968) (ordering the release of a habeas petitioner on bail pending exhaustion of state and federal remedies).  This power, however, should be exercised only in special cases.  See Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001)

Exhaustion of state court remedies is required before the federal court can entertain a challenge to a state conviction on the merits.  See 28 U.S.C. § 2254(b)(1). Gaymon concedes that he has not exhausted his state court remedies.  See Pet. at 25. Thus, the court questions whether his Petition is properly before the court to enable the court to entertain his request for release.  See United States ex rel. Williams v. La Vallee, 276 F.2d 645, 648 (2d Cir. 1960) (noting that unexhausted claim was not properly before the district court); Bartholomew v. Mendoza-Powers, No. 08-CV-1270-IEG(NLS), 2009 WL 1459443, at *4 (S.D. Cal. May 26, 2009) ("A habeas petitioner must exhaust his state court remedies before a habeas petition is properly before the federal court.").  The court need not resolve this question because, even if Gaymon were properly before the court, his request for release should be denied.

As the Second Circuit explained in Ostrer, "a habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." 584 F.2d at 596 n.1 (internal quotation marks and citation omitted).  The standard is difficult to meet.  The petitioner must demonstrate first, that the habeas petition raises substantial claims and, second, that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.  Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990).  To satisfy the first part of the test, the petitioner must

"present merits that are more than slightly in petitioner's favor." Richard v. Abrams, 732 F. Supp. 24, 25 (S.D.N.Y. 1990); see also Rado v. Meachum, 699 F. Supp. 25, 26-27 (D. Conn. 1988) (holding that the relevant factors are whether (1) "substantial claims" are set forth in the petition; (2) there is a "demonstrated likelihood the petition will prevail"; and (3) there are "extraordinary circumstances" attending the petitioner's situation which would "require" the grant in order to make the writ of habeas corpus "effective," presumably if granted) (citations omitted).

In this case, judgment entered pursuant to Gaymon's guilty plea. Gaymon argues that he is incarcerated pursuant to an information to which he did not plead guilty. He raised this argument in his motion to correct illegal sentence. The motion was denied. See State Court Ruling (Doc. No. 1-6) at 3. Gaymon's continued incarceration pending resolution of his state habeas petition enforces an apparently valid judgment. Filing a petition for a writ of habeas corpus does not render the conviction invalid. Thus, Gaymon remains subject to incarceration. If this were not the case, any inmate could avoid his sentence indefinitely simply by filing repeated petitions for habeas corpus. See Rado, 699 F. Supp. at 27 (citing Stepney v. Lopes, 597 F. Supp. 11, 13 (D. Conn. 1984)).

The court concludes that Gaymon has not demonstrated a likelihood that he will prevail in his petition for writ of habeas corpus or the existence of extraordinary circumstances that required release on bond to render habeas corpus relief effective.

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] and the Motion for Release on Bail [**Doc. No. 3**] are **DENIED**.

Because reasonable jurists would not find it debatable that Gaymon was denied

a constitutional right, a certificate of appealability will not issue. See Slack v. McDaniel, 429 U.S. 473, 484 (2000). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 24th day of May 2011, at Bridgeport, Connecticut.


    /s Janet C. Hall
Janet C. Hall
United States District Judge